United States Court of Appeals,

Eleventh Circuit.

No. 96-6025.

UNITED STATES of America, Plaintiff-Appellee,

v.

Pedro McPHEE, Defendant-Appellant.

March 25, 1997.

Appeal from the United States District Court for the Middle District of Alabama. (No. CR 95-136-S(02), W. Harold Albritton, District Judge.

Before BIRCH, Circuit Judge, and RONEY and FARRIS[*], Senior Circuit Judges.

RONEY, Senior Circuit Judge:

The question on this appeal is whether, once a sentencing court has found that a criminal defendant qualifies for a decrease in his basic offense level for acceptance of responsibility and cooperation under U.S.S.G. § 3E1.1(a) and (b), the court then has discretion to apply less than the three-level decrease provided by the sentencing guidelines. Holding the three-level decrease is mandated, we vacate the sentence which decreased the offense level by only two points and remand for resentencing.

Arrested for conspiracy to distribute cocaine base, Pedro McPhee waived indictment and pled guilty. He was released under pretrial supervision. Approximately two months later and before sentencing, the Government learned that McPhee planned to escape from the half-way house where he was residing, and successfully moved to revoke his conditional release.

---

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Satisfied with McPhee's acceptance of responsibility and degree of cooperation, the district court adjusted McPhee's base offense level. But because of the alleged escape attempt, the court decreased the level by only two of the three points provided under U.S.S.G. § 3E1.1(a) and (b).

The sentencing guidelines provide for a two-level (also referred to as a point) reduction in defendant's base offense level for acceptance of responsibility, plus an additional one-level reduction provided defendant for timeliness of his cooperation. Whether defendant is entitled to the two-level reduction depends upon the defendant's willingness to acknowledge his own role in the offense. "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a) (Nov.1995). The defendant may then receive an additional one-level reduction for

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,....

U.S.S.G. § 3E1.1(b)(1) and (2). Thus, section 3E1.1 deals with defendant's own conduct in committing the offense and "[i]n general, the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case." § 3E1.1 (n.6).

By contrast, U.S.S.G. § 5K1.1 provides that once the applicable guideline range has been determined, the court upon motion by the Government may depart downward from the applicable

guideline range when the defendant's "substantial assistance in the investigation or prosecution of *another person* who has committed an offense may justify a sentence below a statutorily required minimum sentence." § 5K1.1 (n.1) (emphasis added). In this case, after arriving at the applicable sentencing range, the court, upon motion of the Government, departed downward from the sentence to be imposed based on McPhee's substantial assistance to the Government concerning other persons under U.S.S.G. § 5K1.1.

This appeal only involves the decrease under section 3E1.1(a) and (b) which focuses on acceptance of responsibility for the defendant's own conduct at an early stage, and does not involve the departure for assistance concerning other persons under section 5K1.1.

Because the sentencing court is in a unique position to determine whether a defendant has accepted responsibility, this Court reviews such determinations for clear error and with great deference. Once the district court has determined the defendant has accepted responsibility, however, the court's application of the guidelines is reviewed *de novo. United States v. McConaghy,*23 F.3d 351, 352 (11th Cir.1994).

It is clear from the record that, but for the attempted escape, the court determined that McPhee was fully qualified for the three-level reduction. The record indicates that McPhee timely provided information regarding his conduct and timely notified authorities of his intention to enter a plea of guilty. McPhee waived his right to an indictment and immediately pled guilty. The district court stated that it was satisfied with McPhee's level of

cooperation and acceptance of responsibility. The only issue for the court was whether McPhee actually attempted to escape, and whether the reduction for acceptance of responsibility should be taken away because of that activity. Having heard the rather shaky evidence of the alleged escape attempt, the court said:

> We are talking here about hearsay and the possibility of misunderstanding as to who was saying what. You have a possibility of three points for acceptance of responsibility. The judge has a bit of discretion within that range. I am not satisfied enough that this individual was actually attempting to escape to deny him all the acceptance of responsibility points after what he has done in accepting responsibility and cooperating with the government.

> However, in view of the possibility of an escape and all of the circumstances that I am considering, I am not willing to award the entire three points. I am going to give him two points for acceptance of responsibility and adjust this accordingly.

On this appeal, the Government concedes that the district court's legal interpretation was not in accord with the decisions of other circuits that have addressed a sentencing court's discretion when determining the number of points a defendant is entitled to under section 3E1.1.

Clearly, under the law of this circuit, there is no discretion to award less than a two-level reduction for acceptance of responsibility under section 3E1.1(a). *United States v. Carroll,* 6 F.3d 735, 741 (11th Cir.1993) (Section 3E1.1(a) does not contemplate a partial acceptance of responsibility or a court's being halfway convinced that a defendant accepted responsibility. A defendant is entitled to either a two-level reduction or none.), *cert. denied sub nom., Jessee v. United States,* 510 U.S. 1183, 114 S.Ct. 1234, 127 L.Ed.2d 577 (1994).

We have not yet decided whether the third-point reduction

under section 3E1.1(b) can be withheld for reasons unrelated to the timeliness of the cooperation.  Our review of the decisions in other circuits, however, reveals that they have consistently held that once a defendant is awarded a two-level reduction for acceptance of responsibility, whether or not to grant the additional one-level reduction is a matter of determining only whether the defendant timely provided information and notified authorities of his intention to enter a plea of guilty.  *E.g., United States v. Townsend,* 73 F.3d 747, 755 (7th Cir.1996); *United States v. Huckins,* 53 F.3d 276, 279 (9th Cir.1995).

Any obstructionist conduct following the guilty plea has been held to be irrelevant to whether the defendant is entitled to the one-level reduction provided under § 3E1.1(b).  *United States v. Talladino,* 38 F.3d 1255, 1263-64 (1st Cir.1994) ("As a matter of common sense, the district court's determination that, having obstructed justice, appellant deserved something less than the maximum three-level reduction for acceptance of responsibility is attractive.  As a matter of law, however, the court's decision is more vulnerable....  The language of subsection (b) is absolute on its face.  It simply does not confer any discretion on the sentencing judge to deny the extra one-level reduction so long as the subsection's stated requirements are satisfied.");  *United States v. Tello,* 9 F.3d 1119, 1128 (5th Cir.1993) ("any fair and reasonable reading of [the text and commentary of section 3E1.1], even *in pari materia* with the obstruction provisions of § 3C1.1, demonstrates" that these provisions "eschew any court discretion to deny the one-level reduction").

The Government does not defend on this appeal the challenged sentence. Our review of the guidelines and the case law on this issue convinces us that the district court misconstrued the discretion available to it, so the case must be remanded for resentencing. Section 3E1.1(b) directs the district court to grant an additional point based on the "timeliness" of acceptance of responsibility, *see McConaghy,* 23 F.3d at 353 (stating that timeliness under [U.S.S.G. § 3E1.1(b) ] is a factual determination to be made on a case-by-case basis), and the district court denied the additional point on improper grounds.

Under the guidelines, conduct that involves "escaping or attempting to escape from custody before trial or sentencing" warrants a two-level enhancement of defendant's offense level under U.S.S.G. § 3C1.1 for obstruction of justice. § 3C1.1, comment n.3(e). In the presentence report, the probation officer questioned whether McPhee's conditional release could be interpreted as being "in custody" for purposes of this section. Without addressing that issue, it would seem from the district court's comments about the weight of the evidence of the alleged attempted escape that the evidence was insufficient to warrant application of this section.

SENTENCE VACATED AND REMANDED.