# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2972

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Michael Rice, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 12, 1999

Filed: July 9, 1999

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
NANGLE, District Judge.[1]

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Michael Rice appeals the sentence of 188 months imposed after he pleaded guilty to manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1). Mr. Rice contends that, with respect to his offense level under the federal sentencing guidelines, he was entitled to a three-level reduction for acceptance of responsibility instead of the two-level reduction that the district court gave him. He further maintains

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

that he should not have received a two-level enhancement for reckless endangerment during flight. We affirm in part and reverse in part and remand for resentencing.

I.

At his sentencing hearing, Mr. Rice maintained that he was entitled not only to the basic two-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), but also to an additional one-level reduction, *see* U.S.S.G. § 3E1.1(b)(2). This latter section directs that the offense level of a defendant who has accepted responsibility for his offense, and whose base offense level is 16 or greater, should be decreased by one additional level if the defendant assisted the authorities by announcing his intention to plead guilty in time to spare the government the trouble of preparing for trial. Mr. Rice contends that he pleaded guilty before the government began its trial preparations, and the government concedes that that is so. Mr. Rice therefore maintains that since he met all of the conditions of § 3E1.1(b)(2), the district court had no discretion to deny him the full three-level reduction for acceptance of responsibility.

The probation officer testified that Mr. Rice denied that he had ever manufactured methamphetamine or that chemicals were found in his house, and admitted only to holding chemicals and glassware in his storage shed for a friend. In light of that testimony, the district court gave Mr. Rice only a two-level reduction, in order, it said, "to punish him a little bit" for not being candid with the probation officer who prepared the presentence report. The court did not explain at the sentencing hearing exactly how the two-level reduction was allocated over the two subsections of § 3E1.1 applicable to this case. We can think of three approaches that the court might have taken.

First, the district court might have intended to grant a one-level reduction under § 3E1.1(a) and a one-level reduction under § 3E1.1(b)(2). We have held, however, that § 3E1.1(a) permits only a two-level reduction or none at all; the district court has no discretion to "award a one level reduction under § 3E1.1(a) for partial acceptance of

responsibility." *United States v. Atlas,* 94 F.3d 447, 452 (8th Cir. 1996), *cert. denied*, 520 U.S. 1130 (1997).

Second, it is possible that the district court intended to award a two-level reduction under § 3E1.1(a) but not the additional one-level reduction contemplated under § 3E1.1(b)(2). This is also impermissible under the guidelines, however. If the sentencing court finds that the defendant accepted responsibility for his or her offense and entered a timely guilty plea, then the defendant is automatically entitled to the full three-level reduction available under § 3E1.1. The language of § 3E1.1(b)(2) is mandatory; when all of its conditions are met, the court has no discretion to deny the extra one-level reduction. *See*, *e.g.*, *United States v. McPhee*, 108 F.3d 287, 289-90 (11th Cir. 1997)*; United States v. Townsend*, 73 F.3d 747, 755-56 (7th Cir. 1996); *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995); and *United States v. Talladino*, 38 F.3d 1255, 1263-64 (1st Cir. 1994).

A third possibility is that the district court simply concluded that Mr. Rice did not fully accept responsibility and was therefore not entitled to the entire three-level reduction under § 3E1.1, without considering how this would be allocated between § 3E1.1(a) and § 3E1.1(b). As we have already said, however, § 3E1.1 does not permit a partial reduction for partial acceptance of responsibility. The district court may determine only whether the defendant accepted responsibility for the offense; if the court decides that the defendant did, the court may grant only the full two-level or three-level reduction, depending on whether the conditions of § 3E1.1(b) are met.

In any event, the district court erred in applying § 3E1.1. A remand for resentencing is therefore required.

## II.

Mr. Rice further contests the two-level enhancement that the district court imposed on him under U.S.S.G. § 3C1.2 for reckless endangerment during flight. This adjustment also applies when the defendant acts recklessly in "preparation for flight" or "in the course of resisting arrest." *See* § 3C1.2, application note 3. Mr. Rice argues that he did not attempt to flee and that his encounter with the police was too brief to constitute resisting arrest.

We review for clear error a district court's findings with respect to reckless endangerment during flight. *See United States v. Valdez*, 146 F.3d 547, 554 (8th Cir. 1998), *cert. denied*, 119 S. Ct. 355 (1998). The court in this case found that the officers who came to search Mr. Rice's house were clearly identified as police, and that Mr. Rice was about to lower his weapon and aim it at them as he and the officers approached each other. The court concluded that Mr. Rice had therefore "recklessly created a substantial risk of death or serious bodily injury to another person" in the course of resisting arrest, as envisioned by § 3C1.2.

The record amply supports the district court's findings. One of the officers who executed the search warrant testified at the sentencing hearing that he and his colleagues were all wearing uniforms or badges clearly identifying them as police when they entered the house and that they repeatedly shouted "Police!" and "Search warrant!" The officer further testified that Mr. Rice came into the living room from a hallway carrying a loaded semiautomatic rifle that he began to level at the officers, and that when Mr. Rice was told that the officers had a warrant, he replied, "I don't care. Get out of my house." We see no error in the district court's conclusion that Mr. Rice's sentence should be enhanced for recklessly endangering the lives of the police officers.

### III.

For the reasons indicated, we vacate Mr. Rice's sentence and remand the case to the district court for resentencing in a manner not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.