UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony M. ROBINSON, Defendant–
Appellant.

No. 00–3696.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2001.

Decided Oct. 11, 2001.

Before POSNER, MANION and ROVNER, Circuit Judges.

### ORDER

Anthony Robinson pleaded guilty to possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and carrying and brandishing a firearm during a drug trafficking crime, *id.* § 924(c)(1), and was sentenced to concurrent 188–month terms on the first two counts and a consecutive 84–month term on the third. He seeks to appeal, but his counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that any appeal would be frivolous. Robinson did not respond to his attorney's motion to withdraw, *see* Cir. R. 51(b), so we confine our review to the potential issues discussed in counsel's *Anders* brief. *See United States v. Tabb,* 125 F.3d 583 (7th Cir.1997). Because we conclude that an appeal on those issues would be frivolous, we grant the motion to withdraw and dismiss the appeal.

■ The first potential issue counsel identifies is whether Robinson could invalidate his guilty plea on the ground that it was not knowing or voluntary. But having reviewed the plea colloquy, we are satisfied that the district court substantially complied with the procedures set forth in Fed.R.Crim.P. 11: the court explained the nature of the charges, the possible penalties, and the rights that would be waived by pleading guilty, and ensured that the plea was not the result of threats or promises made outside the agreement. Thus, whether we would review this claim for plain error, *see United States v. Driver,* 242 F.3d 767, 769–71 (7th Cir.2001), or for harmless error, *see United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* 531 U.S. 1189, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we agree with counsel that it would be frivolous.

■ Counsel next considers whether Robinson could argue that his dual convictions under 18 U.S.C. §§ 922(g)(1) and 924(c)(1) violated the double-jeopardy clause. We think this argument would be frivolous. Any double-jeopardy challenge would be foreclosed by Robinson's guilty plea and the judgments of conviction because there is no evidence on the face of the record that the district court lacked the power to enter the conviction or impose the sentence. *See United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *United States v. Behrman,* 235 F.3d 1049, 1052 (7th Cir.2000). And the argument would fail on its merits in any event. As we held in *United States v. Garrett,* 903 F.2d 1105, 1114–15 (7th Cir.1990), imposing cumulative punishments for violations of sections 922(g) and 924(c) does not violate the double-jeopardy clause. Thus, we also agree with counsel that it would be frivolous to argue that Robinson's trial attorney was ineffective for failing to challenge the indictment on double-jeopardy grounds.

■ Finally, counsel explores potential challenges to Robinson's sentence. He first considers whether Robinson could argue that two of the prior convictions that predicated his classification as an "armed career criminal" should have been counted as only one conviction because they were not "committed on occasions different from one another." 18 U.S.C. § 924(e). But, as counsel points out, the earlier convictions were founded on two separate and distinct episodes: first, Robinson burglarized his mother's house, and later in the day, he robbed her. *See United States v. Cardenas,* 217 F.3d 491, 492 (7th Cir.2000) (finding drug sales separated by 45 minutes to be separate transactions for purposes of § 924(e)). We therefore agree with counsel that this argument would be frivolous.

We likewise agree that Robinson has no nonfrivolous challenge to the district court's imposition of a two-level enhancement for reckless endangerment during flight from arrest. U.S.S.G. § 3C1.2. The district court found, based on undisputed facts, that Robinson led the police on a chase through a residential neighborhood while discharging a firearm two or three times. This would be more than enough evidence for us to affirm the district court's decision. *See United States v. Rice*, 184 F.3d 740, 742 (8th Cir.1999) (enhancement under § 3C1.2 appropriate where defendant leveled a rifle at arresting officers); *United States v. Velasquez*, 67 F.3d 650, 654–55 (7th Cir.1995) (evidence that defendant fled at a high rate of speed through residential neighborhoods sufficient to support enhancement under § 3C1.2).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.