# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2430

_____

United States of America,    &ast;

&ast;

   Appellee,     &ast;

&ast; Appeal from the United States

  v.        &ast; District Court for the Eastern

&ast; District of Arkansas.

Frank Santiago Rivas-Gomez,  &ast;

&ast;   [UNPUBLISHED]

   Appellant.    &ast;

_____

Submitted:  December 26, 2001
Filed:  January 9, 2002

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Frank Santiago Rivas-Gomez pleaded guilty to being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1) (1994), and aiding and abetting the attempt to possess with intent to distribute methamphetamine, see 18 U.S.C. § 2 (1994); 21 U.S.C. §§ 841(a)(1), 846 (1994).  At sentencing, he objected to a recommended enhancement for firearm possession, see U.S.S.G. § 2D1.1(b)(1) (2001), arguing that he was not present when firearms and drugs were recovered from his residence.  He also objected to an enhancement for reckless endangerment during flight, see U.S.S.G. § 3C1.2 (2001), arguing that he did not attempt to shoot a pursuing police officer who fired two shots, one of which struck

him in the leg and the other of which went astray in an inhabited trailer park. The District Court[1] overruled both objections, sentencing Rivas-Gomez to concurrent prison terms of 120 months on the firearm count and 150 months on the drug count, and concurrent supervised-release terms of three and four years, respectively. Rivas-Gomez renews his arguments on appeal.

Given the police officer's testimony—which the District Court credited—that she fired her gun because Rivas-Gomez aimed his gun at her and pulled the trigger, the Court did not clearly err in assessing the reckless-endangerment enhancement. See U.S.S.G. §§ 3C1.2, cmt. n.2, 2A1.4, cmt. n.1 (2001) ("'Reckless' refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."); United States v. Sample, 213 F.3d 1029, 1034 (8th Cir. 2000) (rejecting challenge to guidelines sentence because credibility determinations are committed squarely to domain of sentencing court and are virtually unreviewable on appeal); United States v. Rice, 184 F.3d 740, 742 (8th Cir. 1999) (upholding § 3C1.2 enhancement where evidence showed defendant began leveling loaded firearm at officers as they were executing search warrant).

The District Court also did not clearly err as to the firearm-possession enhancement, given that Rivas-Gomez (1) did not contest that firearms were found at his residence along with the drugs, (2) presented no evidence that he possessed the weapons for any legitimate reason, and (3) regularly carried a firearm. See United States v. Robinson, 217 F.3d 560, 566 (8th Cir.) (upholding enhancement in part because defendant presented no evidence that he was in possession of weapon for any legitimate reason), cert. denied, 531 U.S. 999 (2000); United States v. Hall, 171 F.3d

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

1133, 1153 (8th Cir. 1999) (upholding enhancement where officers found gun in closet in defendant's bedroom during search), cert. denied, 529 U.S. 1027 (2000). Finally, Rivas-Gomez's presence was not required at his residence, as he constructively possessed the firearms. See United States v. Brown, 148 F.3d 1003, 1008-09 (8th Cir. 1998) (upholding enhancement for weapons found at various homes; defendant had ownership, dominion, or control over weapons, or over the premises where weapons were discovered), cert. denied, 525 U.S. 1169 (1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.