[DO NOT PUBLISH]

**Revised Opinion**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2005
THOMAS K. KAHN
CLERK

No. 04-12690
Non-Argument Calendar

_____

D.C. Docket No. 02-00061-CR-4-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT GAINES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 27, 2005)

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Vincent Gaines pleaded guilty without a written plea

agreement to four counts of mail fraud, in violation of 18 U.S.C. § 1341.

According to the factual resume, Gaines and codefendant Edwin Jacquet

submitted internet requests totaling $98,053.43 to the Florida Bureau of Unclaimed Property in the names of Leonard and Rhonda Cohn. The Bureau mailed the proper forms to an address in Florida, and the defendants mailed the completed forms to the Bureau along with photo identification in the Cohns' names. The Bureau then prepared the checks and mailed them to the Florida address. The defendants subsequently filed a similar claim under the name of William Harding. The check in Harding's name was sent to Florida, and then to a private mailbox facility in New York. When Gaines and Jacquet attempted to retrieve the check from the facility in New York, they were arrested. After Gaines was released on bail, he absconded and failed to appear before the court in New York. He eventually was re-arrested in New York on unrelated state charges.

In preparing a presentence investigation report ("PSI"), the probation officer recommended that the base level be increased for, inter alia, obstruction of justice under U.S.S.G. § 3C1.1 because Gaines absconded while on pretrial supervision. The probation officer further noted that a reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, was not warranted because Gaines had obstructed justice. With an adjusted offense level of 22 and a criminal history category IV, Gaines's guidelines range was 63 to 78 months imprisonment.

Gaines objected, inter alia, to the failure to recommend a reduction for acceptance of responsibility because, even though he absconded, he had cooperated since his re-arrest. The government noted, however, that Gaines currently was refusing to provide information on an unrelated offense. The court overruled the objection, finding that the reduction was not warranted because (1) Gaines had absconded; (2) he had given false information to the police and the court when he was arrested; and (3) although he had provided information on his offenses, he had refused to cooperate with information on an unrelated offense. The court acknowledged that Gaines's failure to cooperate with the additional information impacted its decision to deny the reduction, although it was not dispositive. The district court sentenced Gaines to fifty-two months imprisonment on each count, to be served concurrently to each other, and consecutively to an eighteen-month sentence imposed by a court in New York. The court also ordered restitution in the amount of $98,053.43. Gaines now appeals, arguing that (1) he was entitled to a reduction for acceptance of responsibility, and (2) his sentence is unconstitutional under Blakely v. Washington, – U.S. –, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

A. Acceptance of Responsibility

Gaines argues that the district court erred in denying a reduction for acceptance of responsibility based solely on his refusal to provide information on an unrelated offense.

We review de novo the district court's interpretation and application of the sentencing guidelines, and review the district court's factual findings related to the imposition of sentencing enhancements for clear error. United States v. Amedeo, 370 F.3d 1305, 1312 (11th Cir. 2004) (citations omitted). "A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." Id. at 1320-21. The district court is in the "unique position" to determine whether a defendant has accepted responsibility. United States v. McPhee, 108 F.3d 287, 289 (11th Cir. 1997).

Section 3E1.1(a) of the Sentencing Guidelines provides: "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." The defendant may be entitled to an additional one-level reduction under certain circumstances and upon a motion by the government "if the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, . . . ." U.S.S.G. § 3E1.1(b).

4

The Guidelines further provide that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n. 4); see also Amedeo, 370 U.S. at 1321. However, there may be extraordinary circumstances that enable the court to apply the § 3E1.1 reduction despite the obstruction-of-justice enhancement. U.S.S.G. § 3E1.1, comment. (n.4).

Here, in determining that Gaines was not entitled to a reduction for acceptance of responsibility, the district court considered, among other factors, Gaines's refusal to provide information concerning criminal conduct by another unrelated to his offenses. Thus, the issue in this case is whether criminal conduct by a person other than the defendant, and unrelated to the offenses of conviction, can form the basis for a denial of acceptance of responsibility.

This court has held that a defendant cannot be penalized for "refusing to cooperate with the government in a criminal investigation unrelated to the offense for which the defendant is to be sentenced." United States v. Burgos, 276 F.3d 1284, 1285 (11th Cir. 2001) (concluding that there was no legitimate purpose in penalizing the defendant for her refusal to cooperate with an investigation against

another individual for conduct unrelated to her offenses);[1] see also McPhee, 108 F.3d at 289-90 (vacating and remanding the denial of an additional one-point reduction for acceptance of responsibility after the defendant had received a two-level reduction for his acceptance because "any obstructionist conduct following the guilty plea," such as his attempted escape, was irrelevant).

Although we conclude that the district court's consideration of Gaines's refusal to cooperate on an unrelated offense was improper, the court indicated that this factor was not dispositive in its decision to deny the reduction. Thus, we turn to whether, considering other factors, the district court's decision to deny the reduction was clearly erroneous. After reviewing the record, we conclude that it was not.

The district court explained that the reduction was not warranted because Gaines had absconded from pre-trial detention and he had lied to authorities. These same facts led the court to enhance Gaines's sentence for obstruction of justice. Under this court's caselaw, once a defendant receives an enhancement for obstruction of justice, he is precluded from receiving a reduction for acceptance of

---

[1] Although the Burgess case addressed the district court's consideration of a defendant's cooperation in the context of relevant conduct, the court's decision is instructive on the consideration of such conduct for enhancements and reductions in general.

6

responsibility absent "extraordinary circumstances." See Amedeo, 370 F.3d at 1320-21 (citing U.S.S.G. § 3C1.1, comment. (n.4)).

Although the guidelines do not clarify what constitutes "extraordinary circumstances," something more than agreeing to plead guilty and providing information is required. If simply meeting the requirements of § 3E1.1 was all that was required, then the guidelines would not indicate that "exceptional circumstances" were necessary to receive a reduction when the defendant had received an enhancement for obstruction of justice. Thus, even had the district court not considered the post-guilty plea refusal to cooperate, the court's conclusion that Gaines did not qualify for a reduction is entitled to deference.

B. Booker

Gaines argues that his sentence is unconstitutional in light of Booker because he did not admit the facts surrounding his sentencing enhancements, and those facts were not proven to a jury beyond a reasonable doubt.

When a defendant fails to object to an error before the district court, this court reviews the argument for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002); see also United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). To establish plain error, Gaines must

show "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, – S.Ct. – (No. 04-1148) (June 20, 2005).

In Booker, the Supreme Court applied the Blakely decision to the Federal Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. 125 S.Ct. at 749-52. The Court explicitly reaffirmed its rationale first pronounced in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756. The Court , however, explained that although the guidelines were advisory only, courts should consider the guidelines in addition to the sentencing factors in 18 U.S.C. § 3553(a), in determining a reasonable sentence. 125 S.Ct. at 764.

Accordingly, after Booker, this court has recognized two types of Booker errors: constitutional errors arising from the use of extra-verdict

enhancements and statutory errors arising from the application of the guidelines as mandatory.  United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

Although the district court's use of extra-verdict enhancements is an error that is plain, see Rodriguez, 398 F.3d at 1298-99, Gaines does not meet the high burden presented by the third prong of the plain error test: he cannot show that his substantial rights were affected.  To be entitled to relief, Gaines must show that his sentence would have been different but for the mandatory application of the guidelines.  Id. at 1301.  Here, the district court gave no indication that it would have sentenced Gaines differently had it known the guidelines were advisory only.[2]  Where the district court is silent on this issue, an appellant cannot meet this burden.  Thus, Gaines cannot show plain error in his sentence.[3]

Accordingly, we **AFFIRM** Gaines's sentence.

---

[2] After Booker, the court is still required to consider the guidelines enhancement provision, and it does so based on the same set of facts previously before it.  Rodriguez, 398 F.3d at 1301.

[3] Moreover, any argument that there was statutory error fails for the same reason.  See Shelton, 400 F.3d at 1330-32.