[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16520
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20321-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS FERNANDO BERTULUCCI CASTILLO,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 10, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Fernando Bertulluci Castillo ("Castillo") appeals his conviction for one

count of conspiracy to possess with intent to distribute five kilograms or more of

cocaine while on board an aircraft registered in the United States and one count of making a false statement of aircraft ownership to facilitate a controlled substance offense.

The government arrested Castillo in the Dominican Republic based on his participation in a conspiracy to use an aircraft registered in the United States to transport cocaine into the United States. Castillo agreed to cooperate with the government and provide information relevant to ongoing drug trafficking investigations. The government asked that the case be sealed based on these ongoing investigations. Castillo pleaded guilty pursuant to a plea agreement in which the government stated that it would consider whether Castillo's cooperation merited a motion for reduction of sentence under U.S.S.G. § 5K1.1 based on its evaluation of Castillo's assistance. The government also agreed to recommend that Castillo receive a three-level reduction for acceptance of responsibility so long as, among other things, he did not commit any misconduct after entering into the agreement. After several continuations of his sentencing hearing, the government terminated Castillo's cooperation because he had allegedly told other detainees details of his cooperation with the government and offered to sell his proposed testimony against a Mexican drug trafficker. The government also requested that the case be unsealed, and Castillo did not object. Prior to sentencing, the government objected to the three-level reduction for acceptance of responsibility

2

and declined to file a § 5K1.1 motion.  In both a written *pro se* motion and orally at sentencing through counsel, Castillo moved to withdraw his guilty plea based on ineffective assistance of counsel.  The district court denied both the written and oral motions.

On appeal, Castillo argues that the sentence appeal waiver in his plea agreement is unenforceable because the government breached the plea agreement and that the district court abused its discretion in denying his motion to withdraw his guilty plea.  He also argues that his conviction should be reversed based on discovery violations.  Finally, he argues that the indictment should be dismissed because it fails to state an offense and because the district court lacked jurisdiction due to the fact that the government arrested, detained, and abducted him in the Dominican Republic.

## I.

Whether the government breached the plea agreement is a question of law that we review *de novo*.  *United States v. De Le Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).  However, if the defendant did not object on this basis before the district court, we review only for plain error.  *Puckett v. United States*, 556 U.S. 129, 134-35, 143, 129 S.Ct. 1423, 1428-29, 1433, 173 L.Ed.2d 266 (2009).  Under the plain error standard, error is reversible if: "(1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it was prejudicial and not

3

harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Olano*, 507 U.S 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996). Whether a plea agreement is violated is determined according to the defendant's reasonable understanding when he entered the plea. *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008).

Under U.S.S.G. § 5K1.1, the district court may depart from the guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. We do not evaluate the assistance rendered by a defendant "unless and until the government makes a [§] 5K1.1 motion for downward departure based on substantial assistance." *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993). In this respect, "the courts are precluded from intruding into prosecutorial discretion." *Id.* An unkept promise "*to make*" a § 5K1.1 motion, as opposed to consider making one, may breach the plea agreement and allow withdrawal of the plea, but absent an agreement to file such a motion, the government's decision "to make or withhold a § 5K1.1 motion

4

is a form of prosecutorial discretion that is not reviewable for arbitrariness or bad faith." *Id.* at 1502 n.5 (emphasis in original) (quotations omitted).  Where the plea agreement reserves to the government the sole discretion to make or withhold a § 5K1.1 motion, as opposed to a plea agreement that contains a specific contractual agreement to file a § 5K1.1 motion, we limit our review "to those cases in which a constitutionally impermissible motive has been alleged." *Id.*

A defendant may receive a two-level reduction under the sentencing guidelines if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a).  A defendant may qualify for an additional one-level reduction for acceptance of responsibility if he assisted authorities by timely providing information to the government about his own misconduct or by timely notifying authorities of his intent to plead guilty and thereby permitting to government to avoid preparing for trial and the district court to allocate resources efficiently.  *See id.* § 3E1.1(b).  "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparation for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." *Id.* § 3E1.1, comment. (n.6).  Whether or not to grant the additional one-level reduction is a matter of determining only whether the defendant timely provided information and notified authorities of his intention to enter a plea of guilty.  *United States v.*

*McPhee*, 108 F.3d 287, 289-90 (11th Cir. 1997).  A defendant's obstructionist conduct following a guilty plea is irrelevant to determining whether the defendant is entitled to the one-level reduction for acceptance of responsibility.  *Id.* at 290.

Here, Castillo's appeal waiver is enforceable because the government did not breach the plea agreement.  He argues that the government breached the plea agreement by: (1) declining to file a § 5K1.1 motion; (2) unsealing the case and thereby exposing him and his family to harm; and (3) objecting to him receiving a reduction for acceptance of responsibility under § 3E1.1(a), (b).  Castillo, at the hearing and proceeding *pro se* with standby counsel, personally stated to the district court that the government had not complied with its promise to file a § 5K1.1 motion, and that the government was using inadequate information to avoid fulfilling its promises in the plea agreement.  This statement adequately preserved the breach of plea agreement claim as to the § 5K1.1 motion.   However, because Castillo did not challenge that the government breached the plea agreement on the basis of § 3E1.1 or unsealing his case before the district court, we review these claims only for plain error.  *See Puckett*, 556 U.S. at 134-35, 143, 129 S.Ct. at 1428-29, 1433.

First, the government did not breach the plea agreement by declining to file a § 5K1.1 motion.  Castillo's plea agreement explicitly reserved to the government the sole discretion to evaluate his assistance and determine whether or not to file a

6

§ 5K1.1 motion.  During his plea hearing, the district court specifically asked Castillo if he was aware that, even if he cooperated to the best of his abilities, the government might not feel that his cooperation rose to the level of substantial assistance and that there would be nothing the district court could do to force the government to file such a motion, and Castillo responded, "Yes, [y]our Honor, I am aware."  From the record it is clear that Castillo reasonably understood, as any reasonable defendant would have understood, that the government retained the sole discretion to evaluate his assistance and determine whether it warranted a § 5K1.1 motion.  *See Horsfall*, 552 F.3d at 1281.  Therefore, absent an unconstitutional motive, we will not review the government's discretionary decision not to file the motion.  *See Forney*, 9 F.3d at 1502 n.5.  Castillo has not alleged, before the district court or on appeal, that the government had an unconstitutional motive in declining to file a § 5K1.1 motion, and the government did not breach the plea agreement by declining to file such a motion.

Second, the government did not plainly breach the plea agreement by unsealing Castillo's case because the plea agreement did not contain any provision in which the government promised to seal the record or to let it remain sealed.  The plea agreement contained no discussion whatsoever of sealing Castillo's case.  Furthermore, Castillo did not object when the government, at his second sentencing, informed the district court that it no longer needed the case sealed.  His

7

allegations on appeal regarding the government's motivations for unsealing the case, even if true, do not amount to a breach of the plea agreement because there is no indication in either the plea agreement or the rest of the record on appeal that the government made any promises or representations that Castillo's case would be sealed.  *See Taylor*, 77 F.3d at 370.  In the absence of any evidence indicating such a promise from the government, Castillo cannot establish any error, much less plain error, on this basis.

Third, the government did not plainly breach the plea agreement by declining to recommend Castillo receive a three-level reduction for acceptance of responsibility.  The plea agreement provided that the government would recommend a three-level reduction for acceptance of responsibility, unless, among other things, Castillo "commit[ted] any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official."  The plain language of the plea agreement informed Castillo, and any reasonable defendant, that the government could alter its recommendation based on post-plea misconduct.  *See Horsfall*, 552 F.3d at 1281.  Although Castillo may have been legally entitled to receive a three-level reduction for acceptance of responsibility had the government moved for such a reduction, *see McPhee*, 108 F.3d at 289-90, the government did not violate the plea

agreement by failing to move for a reduction where the plea agreement specifically stated that the government could alter its recommendation if Castillo committed post-plea misconduct. Even if the government's determination that Castillo's misconduct disqualified him from receiving a reduction for acceptance of responsibility was error, Castillo fails to establish that it was plain error for the government to rely on the express language of the plea agreement and decline to make such a recommendation.

## II.

We will ordinarily disturb the district court's decision to deny a defendant's motion to withdraw a guilty plea only when it constitutes an abuse of discretion. *United States v. McCarty*, 99 f.3d 383, 385 (11th Cir. 1996). However, where the defendant does not present the argument that the guilty plea was invalid to the district court, we review only for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005). We decline to consider arguments raised for the first time on appeal in a reply brief. *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996).

Because a plea of guilty waives several constitutional rights, the Due Process Clause of the Fourteenth Amendment requires the plea to be both voluntary and knowing. *Gaddy v. Linahan*, 780 F.2d 935, 943 (11th Cir. 1986). Before the district court accepts a guilty plea, there must be an affirmative showing

that the plea was intelligent and voluntary, and the waiver of constitutional rights will not be presumed from a silent record.  *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969).  Under Federal Rule of Criminal Procedure 11, the district court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the nature of the plea being offered and the potential consequences of that plea.  *United States v. Lewis*, 115 F.3d 1531, 1535 (11th Cir. 1997).  Rule 11 requires the district court conduct a searching inquiry into the voluntariness of the defendant's guilty plea.  *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996).  To determine whether the waiver is knowing and voluntary, a court accepting a guilty plea must comply with the three "core concerns" of Rule 11 by ensuring that: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the direct consequences of his plea.  *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998).

After the district court accepts the guilty plea and before sentencing, the defendant may withdraw the plea if (1) the district court rejects the plea agreement, or (2) "the defendant can show a fair and just reason for requesting withdrawal."  Fed.R.Crim.P. 11(d)(2)(A)-(B).  Once the government and the defendant resolve a matter through a knowing and voluntary plea of guilty, the defendant bears a heavy

burden to show that the plea should be withdrawn. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).

"In determining whether the defendant has met his burden to show a 'fair and just reason,' a district court may consider the totality of the circumstances surrounding the plea." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotations omitted). We consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* (quotations omitted). "The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." *Id.* (quotations and brackets omitted). "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles*, 843 F.2d at 473.

On appeal, Castillo argues that the district court abused its discretion in denying his motion to withdraw his guilty plea because the government violated his plea agreement. In the district court, however, both orally through counsel and in his written *pro se* motion, Castillo moved to withdraw his guilty plea on the basis of ineffective assistance of counsel, not the government's breach of the plea

11

agreement.  Accordingly, we review his claim raised on appeal only for plain error. *See Moriarty*, 429 F.3d at 1018-19.

Castillo fails to show that the district court plainly erred in not withdrawing his guilty plea based on breach of the plea agreement.  As discussed above, the government did not plainly breach the plea agreement.  Given that the government did not plainly breach the plea agreement, Castillo cannot show that the district court plainly erred in denying his motion to withdraw his guilty plea based on breach of the plea agreement.

Castillo fails to argue in his initial brief on appeal that his plea was not knowing, intelligent, and voluntary, asserting only that he had shown a just reason for withdrawal of the plea based on the government's breach of the plea agreement.  Accordingly, we need not consider the argument that his plea was not knowing, intelligent, and voluntary that he raises for the first time in his reply brief.  *See Martinez*, 83 F.3d at 377 n.6 (declining to consider arguments raised for the first time in a reply brief).  Nevertheless, the record shows that Castillo's guilty plea was knowing and voluntary.  During the plea colloquy, Castillo told the district court that he had not been threatened or coerced into pleading guilty and that no one had promised him anything other than what was in the plea agreement in exchange for his plea.  The district court explained the elements of the charges against Castillo, and Castillo stated that his attorney had explained the elements of

12

the charges to him.  He told the district court that he had read and understood the factual proffer, which accurately described his conduct.  The district court explained, and Castillo told the district court that he had discussed with his attorney and understood, the consequences of pleading guilty, including the waiver of the right to appeal except in limited circumstances and the inability to withdraw the plea at a later date.  Castillo's guilty plea complied with the three core concerns of Rule 11 and was therefore knowing and voluntary.  *See Jones*, 143 F.3d at 1418-19.

## III.

A defendant's knowing and voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings.  *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984).  Jurisdictional defects are those implicating the courts' subject matter jurisdiction, which "defines the court's authority to hear a given type of case."  *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984).  We have held that a defect is jurisdictional where the claim may be resolved on "the face of the indictment or the record at the time of the plea without requiring further proceedings."  *United States v. Tomeny*, 144 F.3d 749, 751 (11th Cir. 1998).  If a defendant waives the right to appeal by pleading guilty, "only an attack on [the guilty plea's] voluntary and knowing nature can be sustained."  *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

Castillo's knowing and voluntary, unconditional guilty plea waived his right to challenge his conviction on the basis of discovery violations.  As discussed above, Castillo's guilty plea was knowing and voluntary.  Because the alleged discovery violation is not the type of claim that can be resolved from the face of the indictment or the record at the time of the plea without further proceedings, Castillo's guilty plea waived this nonjurisdictional argument.  *See Tomeny*, 144 F.3d at 751.

## IV.

Whether the indictment sufficiently alleges a statutorily proscribed offense is a question of law that we review *de novo*.  *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir. 1999).  "A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense." *United States v. Fern*, 155 F.3d 1318, 1324-25 (11th Cir. 1998).  This rule "puts the defendant on notice of the nature and cause of the accusation as required by the Sixth Amendment of the Constitution . . . [and] it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime."  *Id.* at 1325 (quotations omitted).  A claim that the indictment fails to charge an offense is a jurisdictional defect that is not waived by a guilty plea.  *United States v. Saac*, 632 F.3d 1203, 1208 (11th Cir.), *cert. denied* 132 S.Ct. 139 (2011).  Such a claim

14

may be raised at any time while a case is pending. *United States v. Sharpe*, 438 F.3d 1257, 1258 (11th Cir. 2006).

Under 21 U.S.C. § 959, it is unlawful for any person on board an aircraft registered in the United States to "possess a controlled substance or listed chemical with intent to distribute." 21 U.S.C. § 959(b)(2). The penalty for a controlled substance violation involving 5 or more kilograms of a mixture and substance containing cocaine is 10 years to life imprisonment. 21 U.S.C. § 960(b)(1)(B). Any person who conspires to commit a drug offense is subject to the same penalties as those prescribed for the offense. 21 U.S.C. § 963. To sustain a conviction for conspiracy to distribute narcotics the government must prove that (1) "an agreement existed between two or more persons to distribute the drugs;" (2) the defendant "knew of the conspiratorial goal;" and (3) the defendant "knowingly joined or participated in the illegal venture." *United States v. Matthews*, 168 F.3d 1234, 1245 (11th Cir. 1999).

Under 49 U.S.C. § 46306, it is a crime to obtain a certificate of aircraft registration by knowingly and willfully falsifying or concealing a material fact. 49 U.S.C. § 46306(b)(4). The penalty for such an offense is enhanced if the registration violation is related to transporting a controlled substance by aircraft or aiding or facilitating a controlled substance violation. *Id.* § 46306(c)(2).

15

To the extent that assignments of error calling for dismissal of an indictment implicate the district court's resolution of questions of law, we review *de novo*. *United States v. Noriega*, 117 F.3d 1206, 1211 (11th Cir. 1997). An extradition treaty constitutes one way in which a country may gain custody of a national of another country for the purpose of prosecution, but it is not the only way. *Id.* at 1213. In *United States v. Alvarez-Machain*, 504 U.S. 655, 112 S.Ct. 2188, 119 L.Ed.2d 441 (1992), the Supreme Court considered "whether a criminal defendant, abducted to the United States from a nation with which it has an extradition treaty, thereby acquires a defense to the jurisdiction of this country's courts." 504 U.S. at 657, 112 S.Ct. at 2190. Where the extradition treaty did not expressly bar such abductions, no such defense existed, and the defendant could "be tried in federal district court for violations of the criminal law of the United States." *Id.* The extradition treaty between the United States and the Dominican Republic does not expressly bar either nation from gaining custody over a foreign national through means other than extradition. *See generally* Convention for the Mutual Extradition of Fugitives from Justice, U.S.-Dom. Rep., June 19, 1909, 36 Stat. 2468.

To the extent that Castillo argues the government could not have proved various elements of the charges against him, such an argument is nonjurisdictional and was waived by his unconditional, knowing and voluntary guilty plea. However, his argument that the indictment failed to state an offense is a

16

jurisdictional challenge that is not waived by his guilty plea.  Similarly, his claim regarding his arrest, detention, and removal that took place in the Dominican Republic can arguably be construed as an allegation that the district court lacked subject matter jurisdiction, and such a claim is also not waived by his guilty plea.

The indictment did not fail to state an offense.  We have not addressed the elements of a conspiracy charge under 21 U.S.C. § 963 where the underlying substantive offense is possession of narcotics with intent to distribute by a person on board an aircraft under 21 U.S.C. § 959(b).  However, extrapolating from the elements of a general conspiracy to distribute narcotics, the indictment must allege that: (1) an agreement existed between two or more persons for someone on board an aircraft to possess narcotics with the intent to distribute; (2) Castillo knew of the conspiratorial goal; and (3) Castillo knowingly joined or participated in the illegal venture.  *See Matthews*, 168 F.3d at 1245; 21 U.S.C. § 959(b)(2).  Here, the indictment alleged that Castillo knowingly and intentionally conspired with others to possess with intent to distribute five kilograms or more of cocaine on board an aircraft registered in the United States.  This statement set forth that an agreement existed between Castillo and others, Castillo knew of the goal of using an aircraft to facilitate the possession of narcotics with the intent to distribute, and he knowingly and intentionally joined the illegal venture.  Accordingly, the indictment adequately put Castillo on notice of the nature and cause of the action

17

against him, and it included all of the necessary elements of the offense. *See Fern*, 155 F.3d at 1325.

The indictment also alleged that Castillo intentionally obtained or caused to be obtained an owner's registration certificate by falsifying and concealing a material fact concerning the true owner of an aircraft, in relation to the transportation of a controlled substance by said aircraft and facilitating a controlled substance offense, namely, possession with intent to distribute five kilograms or more of cocaine. This statement set forth all of the elements of the offense under 49 U.S.C. § 46306(b)(4), (c)(2), and adequately notified Castillo of the nature and cause of the action against him. *See Fern*, 155 F.3d at 1325.

Finally, Castillo's abduction from the Dominican Republic does not serve as a bar to the jurisdiction of the district court. Although the United States and the Dominican Republic have an extradition treaty, because the treaty does not expressly bar such abductions, the manner of Castillo's abduction does not prevent him from being tried in the district court for crimes against the laws of the United States. *See Alvarez-Machain*, 504 U.S. at 657, 112 S.Ct. at 2190. Accordingly, neither of Castillo's jurisdictional challenges requires dismissal of the indictment.

Based on the above, we affirm.[1]

---

[1] Castillo's motion to unseal a portion of his sentencing transcript is **DENIED** to the extent it has not already been granted. His motion to seal is **GRANTED in part** and **DENIED in part**. It is granted as to his reply brief because the reply brief discusses potentially sensitive

**AFFIRMED.**

information, and his request to seal it is limited and targeted.  However, his motion to seal the entire record on appeal is overly broad and fails to identify which portions of the record contain potentially sensitive information.  Thus, he fails to overcome the presumption in favor of public access to judicial records.

19