[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-15444

_____

D. C. Docket No. 05-00174-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PELE LACRUZ WATKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 8, 2007)**

Before CARNES, MARCUS  and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

Section  2X1.1(b) of the United States Sentencing Guidelines ("U.S.S.G.")

provides for a three-level reduction in the base offense level for attempt,

conspiracy, and solicitation of a substantive offense unless certain circumstances have occurred. In the case of the offense of solicitation, the guidelines instruct,

> decrease by 3 levels, unless the person solicited to commit or aid the substantive offense completed all the acts he believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the person was about to complete all such acts but for apprehension or interruption by some similar event beyond such person's control.

U.S.S.G. § 2X1.1(b)(3)(A). The issue presented in this case is a question of first impression: what is the applicability of the three-level reduction under § 2X1.1(b)(3)(A) where the person solicited was an undercover agent. After a thorough review of the record in this case, and after hearing oral argument, we conclude that the district court improperly applied this guideline. Accordingly, we vacate the sentence imposed and remand with instructions to the district court to reconsider the application of this guideline, make any necessary factual findings, and determine a reasonable sentence.

**I.**

Watkins, the owner of a lingerie club, asked an acquaintance to burn down a rival club called "Cupids" because he had a grudge against someone at the club. The acquaintance contacted authorities, and ATF agents enlisted an undercover agent ("UA") to pose as the arsonist. The UA met with Watkins on several occasions. During those meetings, the UA asked Watkins specific questions about

2

the building and the best time to commit the arson. Watkins gave the UA

information on the building and stated that the best time to commit the arson was

Monday at 5:00 a.m. Watkins told the UA where the electrical box was located

and suggested placement for the bombs. Watkins also noted that Cupids was open

24 hours per day with 12 women working and an unknown number of customers.

Watkins gave the UA a firearm as partial payment towards the $3,000 price for the

arson. In a subsequent meeting, the UA showed Watkins a diagram of Cupids,

indicated where he would place the two incendiary device timers, and told Watkins

when he intended to commit the arson. The two discussed the method of payment

after the arson was completed. ATF agents then arrested Watkins. At the time of

the arrest, the UA did not possess, nor had he purchased, any items for the arson,

and Watkins never provided any items to him.

Following a jury trial, Watkins was convicted of possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1), and solicitation to commit a

crime of violence, in violation of 18 U.S.C. § 373(a).[1]

The probation officer calculated Watkins's base offense level with the

guideline applicable to each of the counts. For the solicitation count, U.S.S.G.

---

[1] Watkins was acquitted of two counts: attempting to damage a building, in violation of 18 U.S.C. § 844, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).

§ 2X1.1(a) instructed that the base offense level should be determined from the guideline for the substantive offense, which in this case was level 24 under U.S.S.G. § 2K1.4(a)(1)(A) and (B). The probation officer recommended no enhancements or reductions. With a criminal history IV, the guideline imprisonment range was 77 to 96 months imprisonment.

Relevant to this appeal, Watkins objected, arguing that he was entitled to a three-level decrease under U.S.S.G. § 2X1.1(b)(3)(A) because the offense of conviction was a solicitation. At the sentencing hearing, Watkins argued that the three-level decrease should apply because the person solicited was an undercover agent who was not on the verge of completing the substantive arson offense. Before ruling on this objection, the court noted that the application of this guideline was not "particularly clear" and that, because the person solicited was an undercover agent, "this offense was never going to be completed." Therefore, the court decided to look at the level of completion for the offense from Watkins's perspective and not from the perspective of the person solicited. The court overruled the objection because, from Watkins's perspective, "everything was done to successfully complete [the bombing of the building]."[2] The district court

---

[2] Additionally, the government argued that an upward departure was warranted because the offense involved the foreseeable risk of death or bodily injury, pursuant to U.S.S.G. § 8C4.2. The district court overruled this objection.

then sentenced Watkins to 96 months imprisonment.  Watkins now appeals.

## II.

Booker[3] did not alter our review of the application of the Guidelines or the applicable standards of review.  United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).  We review the district court's application of the guidelines de novo, and its factual findings for clear error.  United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2006).  Post-Booker, the sentencing court still must calculate the Guidelines correctly.  Id. at 1335.

Section 2X1.1(b) provides for a three-level decrease in the base offense level for attempt, conspiracy, and solicitation unless certain circumstances have occurred.  For attempt and conspiracy, "the decrease does not apply if the *defendant* or a co-conspirator completed all the acts the *defendant* or the conspirators believed necessary to successfully complete the offense or . . . was about to complete all such acts but for apprehension or interruption by some similar event beyond the *defendant's* or the conspirator's control."  U.S.S.G. § 2X1.1(b)(1) , (b)(2) (emphasis added).  For solicitation, the decrease does not apply if "*the person solicited* to commit or aid the substantive offense completed

_____

[3] 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

all the acts *he* believed necessary for successful completion of the substantive offense *or* the *circumstances demonstrate* that the person was *about to* complete *all such acts* but for apprehension or interruption by some similar event beyond such person's control." U.S.S.G. § 2X1.1(b)(3)(A) (emphasis added).

Watkins argues that the district court erred by failing to apply U.S.S.G. § 2X1.1(b)(3)(A) because the agent had done nothing towards completing the substantive offense, and that the district court improperly looked at the defendant's state of mind and not at the solicited person's actions. Watkins contends that the reduction to a defendant's base offense level will probably always apply when the person solicited is an undercover agent. The government responds that the district court properly denied the reduction because, as Watkins understood it, the person solicited was about to complete the substantive crime, and, as long as the agent had done all the acts Watkins thought necessary to complete the crime, the decrease did not apply.[4]

The commentary to § 2X1.1 does not provide any insight into the application of this guideline, and the Commission gave no indication that an undercover agent should alter its application. Notably, in other instances where the Sentencing

---

[4] The government also argues that the reduction did not apply because Watkins first solicited the acquaintance to commit the offense. This argument fails, however, because the record reflects that the acquaintance had not taken any steps to complete the offense.

Commission has found the involvement of an undercover agent relevant, the Commission has discussed its impact directly. See, e.g., U.S.S.G. § 2A3.2, comment. (n.1) (discussing undercover agent's role in the portrayal of a "minor" in criminal sexual abuse); U.S.S.G. § 3B1.1, comment. (n.1) (clarifying that an undercover agent is not a "participant" for purposes of determining an aggravated leadership role).

The commentary to § 2X1.1 does recognize that in most prosecutions for attempt or conspiracy, the reduction is not warranted because the substantive offense had been substantially completed or was interrupted or thwarted by law enforcement. U.S.S.G. § 2X1.1 (backg'd). This commentary, however, refers only to attempt and conspiracy offenses and not to solicitation.

In this case, the person solicited was an undercover agent. As the district court noted, for that reason the substantive crime would never have been completed. Therefore, the district court determined that it was necessary to consider Watkins's conduct in the completion of the offense because Watkins was unaware that the person he hired was an undercover officer. To that end, the court misapplied the guideline, which explicitly provides that the court consider whether the *person solicited* had completed all the acts he believed necessary to complete the offense.

7

This application is not necessarily fatal, however, because after reviewing the guideline, we conclude that § 2X1.1(b)(3)(A) can be separated into two prongs: "the person solicited . . . completed all the acts he believed necessary for successful completion of the substantive offense" *or* "the circumstances demonstrate that the person was about to complete all such acts but for apprehension or interruption. . . ." U.S.S.G. § 2X1.1(b)(3)(A). This first prong instructs the court to consider the offense from the perspective of the person solicited. As both the district court and Watkins noted, it is likely that the first prong will not be met by the actions of an undercover agent who never intends to complete all of the acts necessary for successful completion of the substantive offense. That being said, however, the second prong must also be considered and, in the context of an undercover operation, presents a more relevant inquiry.

Under the second prong, the court may consider more than the perspective of the person solicited. The plain language of the guideline instructs "or if circumstances demonstrate that the person was about to complete all acts." Although the guideline is silent as to whom the circumstances demonstrate, logic dictates that the second prong be considered from the perspective of the defendant. To view it otherwise lacks common sense. Thus, the court may reject a three-level reduction if the circumstances demonstrated *to the defendant* that the person

8

solicited was about to complete *all the acts* necessary for the substantive offense.

We conclude that the district court failed to consider the facts of this case under this second prong. Although this court has not considered the application of this subsection, we find case law applying § 2X1.1(b)(2) instructive.

In United States v. Khawaja, a conspiracy case, this court addressed the application of § 2X1.1(b)(2) and held that where the conspirators "had not taken crucial steps" to commit the substantive offense, the offense was not about to be completed at the time of interruption, and the reduction under § 2X1.1(b)(2) should apply.[5] 118 F.3d 1454, 1458 (11th Cir. 1997). We also identified the crucial steps not taken. Id. at 1458. See also United States v. Puche, 350 F.3d 1137, 1155-56 (11th Cir. 2003) (applying Khawaja); cf. United States v. Lee, 427 F.3d 881, 894 (11th Cir. 2005), cert. denied, 126 S.Ct. 1447 (2006) (denying the reduction where the defendants had completed all the steps they believed necessary to complete the offense and were only prevented from completing it by the bank's refusal to honor their checks).

We adopt the approach taken in our application of § 2X1.1(b)(2) and hold

---

[5] Other circuits have employed similar tests to the application of § 2X1.1(b)(2). See United States v. Waskom, 179 F.3d 303, 308-09 (5th Cir. 1999) (applying "about to" language); United States v. Martinez-Martinez, 156 F.3d 936, 939 (9th Cir. 1998) (same); United States v. Medina 74 F.3d 413, 419 (2d Cir. 1996) (applying "on the verge" test and denying reduction where conspirators to commit robbery were at the front door of their target and fully prepared for the robbery at the time of their arrest); United States v. Johnson, 962 F.2d 1308, 1313-14 (8th Cir. 1992) (same).

that the reduction under § 2X1.1 (b)(3)(A) does not apply when the circumstances demonstrate to the defendant that the person solicited was about to complete the substantive offense. Thus, a district court faced with the application of § 2X1.1(b)(3)(A) should consider whether or not the person solicited had taken *all* the "crucial steps" necessary to demonstrate to the defendant that the offense was about to be completed.

Applying this approach to the instant case, the issue is whether the acts taken by the undercover agent were sufficient to demonstrate to Watkins that the undercover agent was about to complete the offense. Here, the only steps taken were a diagram and a discussion about the placement of the incendiary devices. There was no evidence, however, that the undercover officer had obtained the actual devices or the means to complete the arson. Accordingly, we vacate and remand for the district court to determine if the facts of this case were sufficient to establish that the undercover agent had taken all of the acts necessary to show that the offense was about to be completed.

Our decision in this case does not establish that a solicitation involving an undercover officer would always result in the reduction under § 2X1.1(b)(3), and we decline to adopt a per se rule. Rather, the district court must determine whether the undercover agent had gone far enough, had taken *all* the "crucial steps," to

10

demonstrate to the solicitor that the agent was about to complete the act.

Nor does our decision direct what sentence the district court should impose on remand. After <u>Booker</u>, the district court must correctly calculate the guidelines range and then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in fashioning a reasonable sentence. Among those factors the court should consider, in addition to the guidelines range, are the nature and circumstances of the offense, the need to reflect the seriousness of the offense, and the need to provide just punishment and afford adequate deterrence. 18 U.S.C. § 3553(a).

### III.

For the foregoing reasons, we **VACATE** and **REMAND** for resentencing.