[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12186

_____

D. C. Docket No. 05-00165-CR-ORL-31JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROOSEVELT LEE,
CALVIN DEON LEE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(April 30, 2007)**

Before CARNES, WILSON and HILL, Circuit Judges.

PER CURIAM:

Brothers Calvin and James Lee were convicted of possession with the intent to distribute cocaine base and a substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1); (b)(1)(B)(iii); (b)(1)(C). The brothers raise multiple issues on appeal.

**I.**

Calvin Lee raises three contentions. First, he argues that the district court plainly erred in refusing to instruct the jury on Florida constructive possession law. We disagree, because in a federal criminal prosecution federal law applies, not state law.

Second, Calvin Lee argues that the district court erred in refusing to grant him a partial reduction for acceptance of responsibility. Our circuit precedent squarely forecloses his position on that issue because it establishes that a defendant gets either the full two-point reduction for acceptance of responsibility or none at all. United States v. McPhee, 108 F.3d 287, 289 (11th Cir. 1997). The Booker decision did nothing to change that, because an accurate calculation of the sentencing guidelines range is still required. United States v. Watkins, 477 F.3d 1277, 1279 (11th Cir. 2006).

Third, Calvin Lee argues that the discrepancy in the treatment of powder and crack cocaine at sentencing is unconstitutional, but that position also is

foreclosed by binding precedent.  See United States  v. Williams, 456 F.3d 1353, 1364–69 (11th Cir. 2006).

## II.

James Lee also raises three contentions.  One is that the evidence presented by the government was insufficient to sustain his conviction.  It wasn't.  There was ample evidence from which the jury reasonably could find, as it did, that he was guilty beyond a reasonable doubt.

James Lee also contends that the district court "constructively amended" the indictment by instructing the jury that it could convict him for less than the 5 grams of cocaine base when the indictment itself specified that he had possessed with intent to distribute "a quantity of 5 grams or more of a mixture and substance containing a detectable amount of cocaine base."  The special verdict submitted to the jury instructed it to decide that issue of guilt or innocence first and, if the verdict was guilty, then to decide whether 5 grams or more was involved or less than that amount was.

We have held that a "[constructive] amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment."  United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990).  For a number of reasons that

3

did not happen here. We have held that quantity is not an element of the offense. United States v. Clay, 376 F.3d 1296, 1301 (11th Cir. 2004) (noting that "the specific quantity of drugs for which [the defendant] was accountable is not an element of the crime charged"). "A violation of section 841(a)(1) occurs when the government proves beyond a reasonable doubt that a defendant possessed and intended to distribute a 'controlled substance' . . . . The nature and quantity of the controlled substance are relevant only to sentencing." United States v. Williams, 876 F.2d 1521, 1525 (11th Cir. 1989).

Because a constructive amendment occurs only when an element of the offense is altered to broaden the possible bases for conviction beyond what is contained in the indictment, and quantity is not an element of this offense, there was no constructive amendment and no danger that the defendants were convicted of a crime not charged in the indictment. See United States v. Gómez-Rosario, 418 F.3d 90, 104 (1st Cir. 2005) (finding no constructive amendment when the jury was permitted to find defendant guilty of either more than 100 grams or less than 100 grams of heroin, even though the defendant was indicted for distributing approximately 975 grams of heroin); United States v. Patterson, 348 F.3d 218, 227–28 (7th Cir. 2003) (finding no constructive amendment when the jury found the defendant, who was charged with distributing 5 kilograms or more of cocaine,

4

guilty of distributing less than 5 kilograms but more than 500 grams of the drug);
see generally United States v. Behety, 32 F.3d 503, 509 (11th Cir. 1994) ("The
danger that we are concerned with is that a 'defendant may have been convicted
on a ground not alleged by the grand jury's indictment.'" (quoting United States v.
Peel, 837 F.2d 975, 979 (11th Cir. 1988)). Besides, the jury's answer to the
special interrogatory found that the defendants had possessed with intent to
distribute 5 grams or more of cocaine base, which is exactly what the indictment
explicitly alleged.

James Lee's reliance on United States v. Narog, 372 F.3d 1243 (11th Cir.
2004), is misplaced. In that case, the defendants were charged with a variety of
offenses involving the possession and distribution of pseudoephedrine. Id. at
1244. The indictment specifically alleged that the defendants participated in the
scheme knowing or having reasonable cause to believe that the pseudoephedrine
would be used to produce methamphetamine. Id. But the court instructed the jury
that the government need only prove that the defendants knew or had reason to
believe that the pseudoephedrine would be used to manufacture any controlled
substance. Id. In other words, the indictment included language describing the
statutory crime (possessing and distributing a listed chemical knowing or having
reason to know it would be used to manufacture a controlled substance) and

5

additional language narrowing the charged crime to a subset of the statutory crime (that the chemical was to be used to produce methamphetamine). The district court broadened that charge by instructing the jury that it could convict the defendants if it found that they knew or reasonably believed the pseudoephedrine would be used to produce not just methamphetamine but any drug. Id. Broadening the description of the drug to be produced (from methamphetamine to any illegal drug) impermissibly broadened the charges in the indictment.

By contrast with the present case, in Narog the charged crime was broadened through an enlargement of one of its terms. Id. at 1249. Furthermore, in Narog, unlike in the present case, there was no special interrogatory answer establishing that the jury convicted the defendant on precisely the allegations set out in the indictment. Id. Here, there was no constructive amendment.

Finally, James Lee argues that the cumulative effect of the district court's evidentiary rulings and the government's misconduct rendered his trial fundamentally unfair. Because there was no individual error, there was no cumulative effect from erroneous rulings.

## III.

**AFFIRMED.**

6