**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4546**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANNE TOHOTCHEU, a/k/a Danielle,

        Defendant - Appellant.

**No. 07-4547**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MOISE W. TOHOTCHEU,

        Defendant - Appellant.

**No. 07-4548**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOEL HAPPY SIWE,

        Defendant - Appellant.

─────────────────

**No. 07-4549**

─────────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HIPPOLYTE T. KOKOO, a/k/a Jeff,

        Defendant - Appellant.

─────────────────

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:06-cr-305-CMH-2; 1:06-cr-305-CMH-3; 1:06-cr-305-CMH-4; 1:06-cr-305-CMH-5)

─────────────────

Submitted: September 10, 2008    Decided: October 31, 2008

─────────────────

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────────

Nos. 07-4546, 07-4548, and 07-4549 affirmed; No. 07-4547 dismissed in part and affirmed in part by unpublished per curiam opinion.

─────────────────

Paul P. Vangellow, PAUL P. VANGELLOW, P.C., Falls Church, Virginia; Isaac Scott Pickus, Richmond, Virginia; J. Brian Donnelly, PRICE, PERKINS, LARKEN & DONNELLY, Virginia Beach, Virginia; Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, GIORDANO & SWAIN, P.C., Virginia Beach, Virginia, for Appellants. Chuck Rosenberg, United States Attorney, Michael E. Rich, James P. Gillis, Assistant United States Attorneys, Michael J. Frank, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anne Tohotcheu, Moise W. Tohotcheu, Joel Happy Siwe, and Hippolyte T. Kokoo appeal their jury convictions and sentences for conspiracy to commit wire fraud, alter United States securities, and cause a person to move interstate to be defrauded in violation of 18 U.S.C. § 371 (2000); altering United States currency in violation of 18 U.S.C. §§ 2, 471 (2000); and two counts of causing a person to move in interstate commerce to be defrauded in violation of 18 U.S.C. §§ 2, 2314 (2000). On appeal, Appellants contend the evidence was insufficient to prove a single conspiracy; the district court abused its discretion in not giving their proposed jury instruction; and the evidence was insufficient to prove Siwe and Kokoo guilty of the substantive offenses. Moise Tohotcheu further contends the district court erred in calculating his advisory guideline range and in not granting his motion for a downward departure. We dismiss in part and affirm in part.

Appellants first contend the evidence was insufficient to prove a single conspiracy rather than multiple conspiracies. "Whether the evidence establishes a single conspiracy or multiple conspiracies is an issue for the jury." United States v. Lozano, 839 F.2d 1020, 1023 (4th Cir. 1988). "The finding of a single conspiracy by the jury must stand unless the evidence, taken in the light most favorable to the government, would not allow a reasonable jury to so find." United States v. Baker, 985 F.2d

4

1248, 1255 (4th Cir. 1993). "A single conspiracy exists where there is 'one overall agreement' or 'one general business venture.'" United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988) (citations omitted). "Whether there is a single conspiracy depends upon the overlap of main actors, methods, and goals." United States v. Barsanti, 943 F.2d 428, 439 (4th Cir. 1991).

"Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (quotations and citations omitted). "It is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). "[I]t is not necessary to proof of a conspiracy that it have a discrete, identifiable organizational structure; the requisite agreement to act in concert need not result in any such formal structure." Id.

We have reviewed the record and conclude the evidence was sufficient for a reasonable jury to find a single conspiracy. There was an overlap of main actors, methods, and goals, indicating "one overall agreement" or "one general business venture." Each "black money scam" was nearly identical in its methods and goals in

5

convincing a victim to part with his money. The evidence suggested that Appellants targeted immigrants for their scams. All of the Appellants are from Cameroon. Three of them are siblings, and items linking and incriminating them were found in a residence rented by Moise Tohotcheu. At least one of the Appellants was a key player in each of the scams, and Anne Tohotcheu was somehow linked to nearly every one. There was also a consistent use of aliases by Appellants during the course of the conspiracy.

Siwe and Kokoo also challenge the sufficiency of the evidence in support of their convictions on the substantive counts. They do not dispute that the offenses were committed, but they challenge whether they can be held responsible for them under Pinkerton v. United States, 328 U.S. 640 (1946). "The Pinkerton doctrine imposes vicarious liability on a coconspirator for the substantive offenses committed by other members of the conspiracy when the offenses are during and in furtherance of the conspiracy." United States v. Aramony, 88 F.3d 1369, 1379 (4th Cir. 1996). The Pinkerton Court held that "acts in furtherance of the conspiracy are 'attributable to the others for the purpose of holding them responsible for the substantive offense,' when those acts are reasonably foreseen as a necessary or natural consequence of the unlawful agreement." United States v. Brooks, 524 F.3d 549, 557-58 n.16 (4th Cir. 2008) (quoting Pinkerton, 328 U.S. at 647-48).

6

We conclude the evidence was sufficient to support the convictions. The offenses were properly attributed to Siwe and Kokoo because they were committed during and in furtherance of the conspiracy, and they were reasonably foreseen as a necessary and natural consequence of the unlawful agreement. There was evidence from which the jury could reasonably find they were members of the conspiracy, and their other scams involved similar offenses.

Appellants next contend the district court abused its discretion by failing to give their proposed agency instruction in conjunction with its <u>Pinkerton</u> instruction. Although they do not allege any error in the district court's <u>Pinkerton</u> instruction, they contend that our decision in <u>Aramony</u> required the Government to prove the elements of an agency relationship on top of the <u>Pinkerton</u> standard instruction. We disagree. The district court gave the same instruction we upheld in <u>Aramony</u>, and it informed the jury as to when they could find that a member of a conspiracy was "acting as an agent of the other members of the conspiracy." The district court denied Appellants' request because the instruction was either superfluous, or, to the extent that it imposed a heightened requirement as they argued, it was counter to <u>Pinkerton</u>. We find no abuse of discretion by the district court.

Next, we consider Moise Tohotcheu's contention that the district court erred in calculating his offense level under the sentencing guidelines. We review his sentence under a deferential

7

abuse-of-discretion standard.  See Gall v. United States, 128 S. Ct. 586, 590 (2007).  The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range.  United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008), cert. denied, 128 S. Ct. 2525 (2008).  In assessing the district court's guideline application, we review its factual findings for clear error and legal conclusions de novo.  United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).  We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances.  Gall, 128 S. Ct. at 597.  We presume a sentence within a properly calculated guideline range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Mr. Tohotcheu first contends the district court erred in enhancing his offense level under U.S. Sentencing Guidelines Manual § 2B1.1(b) (2006) based on intended loss rather than actual loss in light of what he claims was a limited role in the conspiracy. Pursuant to U.S.S.G. § 2B1.1 comment. n.3(A), "loss is the greater of actual loss or intended loss"; actual loss "means the reasonably foreseeable pecuniary harm that resulted from the offense"; and intended loss "means the pecuniary harm that was intended to result from the offense," including "intended pecuniary harm that would have been impossible or unlikely to occur."  A district court "need only make a reasonable estimate of the loss."  U.S.S.G. § 2B1.1

8

comment. n.3(C); <u>United States v. Miller</u>, 316 F.3d 495, 503 (4th Cir. 2003). "[A] co-conspirator is responsible for the losses that were intended by the conspiracy and that were reasonably foreseeable to him." <u>United States v. Brownell</u>, 495 F.3d 459, 461-62 (7th Cir. 2007) (citations omitted). We review for clear error a district court's factual determination of the amount of loss intended. <u>Miller</u>, 316 F.3d at 503.

We find no error in the district court's finding that Mr. Tohotcheu was responsible for a loss between $1 and $2.5 million. The district court correctly utilized the losses intended by the conspiracy, because they were greater than the actual losses. With respect to the Tellawi scam, the court did not clearly err in finding the intended loss was $1 million. Mr. Tohotcheu's co-conspirator told Tellawi that the minimum required investment was $1 million, and he responded that he would see what he could do and needed to return to Washington, D.C. to collect some money.

Mr. Tohotcheu was thus properly held accountable not only for the $125,000 in actual loss but also the full $1 million in intended loss. Likewise, he has not shown that the district court clearly erred in holding him responsible for the remaining losses. By finding him guilty of the substantive offenses beginning in April 2004, the jury necessarily found that he was a member of the conspiracy prior to his individual participation in the Tellawi

scam.  It was not clear error for the district court to attribute the other losses intended by the conspiracy to him.

Next, Mr. Tohotcheu asserts that the district court erred in not reducing his offense level under U.S.S.G. § 2X1.1(b)(2). This reduction applies in the unusual case when the defendant or a co-conspirator has not completed the acts they believed necessary on their part for the successful completion of the substantive offense.  In most conspiracy cases, "no reduction of the offense level is warranted."  U.S.S.G. § 2X1.1 comment. (backg'd); United States v. Watkins, 477 F.3d 1277, 1280 (11th Cir. 2007).  As we have explained, "there is a distinction between completing a fraud, on the one hand, and inflicting all the loss that one intended to inflict by means of that fraud, on the other."  United States v. Williams, 81 F.3d 1321, 1327 (4th Cir. 1996) (citation omitted). Here, Mr. Tohotcheu was convicted for the substantive offenses and he cannot show that he and his co-conspirators failed to complete acts necessary for the completion of such offenses.

Finally, Mr. Tohotcheu seeks to challenge the district court's denial of his motion for downward departure.  "'A district court's decision not to depart from the Sentencing Guidelines is not reviewable unless the court mistakenly believed that it lacked authority to depart.'"  Allen, 491 F.3d at 193 (quoting United States v. Carr, 271 F.3d 172, 176 (4th Cir. 2001)).  Mr. Tohotcheu

does not contend the district court mistakenly believed it lacked such authority, and we dismiss this portion of his appeal.

Accordingly, we dismiss in part Moise Tohotcheu's appeal (No. 07-4547), and we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Nos. 07-4546, 07-4548, and 07-4549 <u>AFFIRMED</u>
No. 07-4547 <u>DISMISSED IN PART AND AFFIRMED IN PART</u>

11