[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12571
Non-Argument Calendar
_____

D. C. Docket No. 08-21012-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2009)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Alexis Perez pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and the district court sentenced him to prison for a term of 51 months. He now appeals his sentence, claiming that it is unreasonable because the district court, in fixing his total offense level, erred by not reducing his base offense level by three levels for an incomplete conspiracy offense, pursuant to U.S.S.G. § 2X1.1(b)(2), and by not awarding him a minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b).[1] We consider these challenges in order.

I.

The sentencing guideline applicable to Perez's offense is U.S.S.G. § 2X1.1, which covers attempt, solicitation, and conspiracy offenses not covered by a specific offense guideline. U.S.S.G. § 2X1.1. Where the offense of conviction is a conspiracy, § 2X1.1(b)(2) provides for a three-level reduction of the base offense level:

> unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts

---

[1] Although there was a sentence appeal waiver in this case, Perez correctly argues, and the Government concedes, that it should not be enforced because, while the Government mentioned the waiver at the plea hearing, the district court did not "specifically question[] the defendant" about it, and "it is [not] manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).

but for apprehension or interruption by some similar event beyond their control.

U.S.S.G. § 2X1.1(b)(2). The commentary to § 2X1.1 offers the following clarification:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of 3 levels is provided under § 2X1.1(b)(1) or (2).

U.S.S.G. § 2X1.1, comment. (backg'd).

In <u>United States v. Khawaja</u>, we held that defendants, who were convicted of conspiracy to commit money laundering, were entitled to the three-level reduction under § 2X1.1(b)(2) for the following reason:

> The record shows that although the conspirators intended to launder $2 million, they managed to launder only $570,556 prior to apprehension. The conspiracy was dependent on the IRS's fronting of the purported drug money, and the record does not show that at the time the IRS terminated its sting operation, Appellants had arranged for specific transactions to occur in the future. Accordingly, the conspirators had not taken crucial steps (including for example, preparing falsified documentation, securing cashier's checks, or arranging meetings for the exchange) to launder the remaining balance of $2 million. Consequently, Appellants neither believed that they had completed all the acts necessary on their part nor were they about to complete all such acts for the laundering of the entire $2 million.

118 F.3d 1454, 1458 (11th Cir. 1997).

3

Applying Khawaja, we subsequently held in United States v. Puche that money-laundering conspirators were similarly entitled to the three-level reduction because, although they had previously laundered over $700,000, they had not "taken crucial steps, such as contacting the [undercover] agents or preparing paperwork for more transfers, to launder the remaining six million dollars." 350 F.3d 1137, 1156 (11th Cir. 2003). Indeed, the defendants in Puche specifically told the undercover agent that they "wanted to hold off on [future] transfers" for the time being. Id.

More recently, in Watkins, we addressed whether the analogous three-level reduction for solicitation offenses in § 2X1.1(b)(3)(A) applied where the defendant solicited an undercover agent to commit arson. 477 F.3d at 1278; see U.S.S.G. § 2X1.1(b)(3)(A). After we "adopt[ed] the approach taken in [its] application of § 2X1.1(b)(2)," the issue became "whether or not the person solicited had taken all the 'crucial steps' necessary to demonstrate to the defendant that the offense was about to be completed." Watkins, 477 F.3d at 1281. We ultimately remanded the case to the district court for further findings, since "the only steps taken were a diagram and a discussion about the placement of the incendiary devices. There was no evidence, however, that the undercover officer had obtained the actual devices or the means to complete the arson." Id.

4

In this case, Perez and his co-conspirators had taken "crucial steps" towards completing the substantive mail fraud offense at the time law enforcement intervened. This is so because they had established a detailed plan to carry out the offense, they had the means to execute the plan, and they were on the verge of executing the plan. The district court therefore correctly distinguished Khawaja and Puche. Thus, we conclude that the district court did not err by declining to award Perez a three-level reduction, pursuant to § 2X1.1(b)(2).[2]

I.

Under the Guidelines, a defendant may receive a two- to four-level reduction of the base offense level where his role in the offense can be described as minor, minimal, or somewhere in between. U.S.S.G. § 3B1.2. A minor participant is entitled to a two-level reduction and is someone who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5). A minimal participant is entitled to a four-level reduction and is someone who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G § 3B1.2(a), comment. (n.4). Defendants who are more than a minimal participant but less than a minor

---

[2] Perez states that he wishes to adopt any arguments on this issue raised by his codefendants in their direct appeals, but he may not do so because his appeal has not been consolidated with theirs, and he has not filed the requisite motion for adoption. United States v. Schultz, 565 F.3d 1353, 1362 (11th Cir. 2009); *see* Fed. R. App. P. 28(i).

participant qualify for a three-level reduction. U.S.S.G. § 3B1.2. The proponent of the downward adjustment bears the burden of establishing his role in the offense by a preponderance of the evidence. United States v. DeVaron, 175 F.3d 930, 934, 939, 946 (11th Cir. 1999) (en banc).

The district court's role determination "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." Id. at 940. With respect to the first principle, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. With respect to the second principle, "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." Id.

Perez contends that he played merely an introductory role in the conspiracy, but the record fully supports the district court's contrary finding that he played an "important" role, for he was intimately involved in the planning and preparation, knew how the fraudulent scheme was going to be implemented, and was paid for his services. Perez has also not shown that he was less culpable than most of the

6

other conspirators.  Thus, the district court did not clearly err by denying Perez a minor-role reduction.

AFFIRMED.