[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 03, 2010
JOHN LEY
CLERK

No. 09-12339
Non-Argument Calendar

_____

D. C. Docket No. 08-21012-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSA STEWART,

Defendant-Appellant.

_____

No. 09-12341
Non-Argument Calendar

_____

D. C. Docket No. 08-21012-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS STEWART,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 3, 2010)

Before TJOFLAT, BIRCH and MARTIN, Circuit Judges.

PER CURIAM:

Rosa Stewart ("Rosa") and Carlos Stewart ("Carlos") (collectively "the Stewarts") pled guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and the district court sentenced them to prison terms of 60 months. They now appeal their sentences, contending (1) that the district court erred in determining their offense levels under the Sentencing Guidelines by refusing to afford them a three-level reduction pursuant to U.S.S.G. § 2X1.1(b)(2),[1] and (2) that their sentences are unreasonable. We consider these contentions in turn.

I.

The Guideline applicable to conspiracy to commit mail fraud is U.S.S.G.

_____

[1] "We review the district court's application of the guidelines *de novo*, and its factual findings for clear error." *United States v. Watkins*, 477 F.3d 1277, 1279 (11th Cir. 2007).

2

§ 2X1.1, which covers attempt, solicitation, and conspiracy offenses not covered by a specific offense Guideline.  U.S.S.G. § 2X1.1.  When the offense of conviction is a conspiracy, § 2X1.1(b)(2) provides for a three-level reduction to the defendant's base offense level:

> unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

U.S.S.G. § 2X1.1(b)(2).  The commentary to § 2X1.1 offers the following clarification:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of 3 levels is provided under § 2X1.1(b)(1) or (2).

U.S.S.G. § 2X1.1, comment. (backg'd).

In *United States v. Khawaja*, we concluded that defendants convicted of conspiracy to commit money laundering were entitled to the three-level reduction in § 2X1.1(b)(2) for the following reason:

> The record shows that although the conspirators intended to launder $2 million, they managed to launder only $570,556 prior to apprehension. The conspiracy was dependent on the IRS's fronting of the purported drug money, and the record does not show that at the time the IRS terminated its sting operation, Appellants had arranged for specific transactions to occur in the future. Accordingly, the conspirators had not taken crucial steps (including for example, preparing falsified documentation, securing cashier's checks, or arranging meetings for the exchange) to launder the remaining balance of $2 million. Consequently, Appellants neither believed that they had completed all the acts necessary on their part nor were they about to complete all such acts for the laundering of the entire $2 million.

118 F.3d 1454, 1458 (11th Cir. 1997).

Applying *Khawaja*, we subsequently held in *United States v. Puche* that money-laundering conspirators were similarly entitled to the three-level reduction because, although they previously had laundered over $700,000, they had not "taken crucial steps, such as contacting the [undercover] agents or preparing paperwork for more transfers, to launder the remaining six million dollars." 350 F.3d 1137, 1156 (11th Cir. 2003). Indeed, the defendants in *Puche* specifically told the undercover agent that they "wanted to hold off on [future] transfers" for the time being. *Id.*

In *United States v. Lee*, we held that defendants convicted of mail fraud were not entitled to the analogous three-level reduction for attempt offenses in

§ 2X1.1(b)(1). 427 F.3d 881, 893-94 (11th Cir. 2005); *see* U.S.S.G. § 2X1.1(b)(1). We arrived at this conclusion because, although the defendants submitted fraudulent checks that were not honored, they had nonetheless "clearly . . . completed *all* the acts necessary to commit mail fraud" because the fact that those fraudulent checks were not honored was beyond their control. *Lee*, 427 F.3d at 894 (emphasis added) (explaining that the defendants had mailed several letters and "completed the acts underlying their scheme to defraud").

More recently, in *Watkins*, we addressed whether the analogous three-level reduction for solicitation offenses in § 2X1.1(b)(3)(A) applied when the defendant solicited an undercover agent to commit arson. 477 F.3d at 1278; see U.S.S.G. § 2X1.1(b)(3)(A). After we "adopt[ed] the approach taken in [its] application of § 2X1.1(b)(2)," the issue became "whether or not the person solicited had taken *all* the 'crucial steps' necessary to demonstrate to the defendant that the offense was about to be completed." *Watkins*, 477 F.3d at 1281 (emphasis in original). We ultimately remanded the case to the district court for further findings, because "the only steps taken were a diagram and a discussion about the placement of the incendiary devices. There was no evidence, however, that the undercover officer had obtained the actual devices or the means to complete the arson." *Id.*

In this case, the Stewarts and their co-conspirators had taken "crucial steps"

5

towards completing the substantive mail fraud offense at the time law enforcement intervened. This is so because they had established a detailed plan to carry out the offense, they had the means to execute the plan, and they were on the verge of executing the plan. The district court thus did not err by declining to award the Stewarts a three-level reduction, pursuant to § 2X1.1(b)(2). We therefore turn to the Stewart's claim that their sentences are substantively unreasonable.

## II.

The Stewarts argue that because (1) their 60-month's prison terms are at least double their correctly-determined Guidelines sentencing ranges, (2) no other codefendant was sentenced above his or her Guidelines sentencing range, (3) the Government did not request a variance from the sentencing range for either Rosa or Carlos, and (4) the district court failed to state with the requisite specificity why such dramatically enhanced sentences were warranted, their sentences are substantively unreasonable given the sentencing factors of 18 U.S.C. § 3553(a). They further contend that (1) the district court ignored important § 3553(a) mitigating factors, (2) the court's statement that they had a "cavalier disregard for the law" was unfounded, and (3) the court's theory that the planned arson that underlay the mail fraud scheme had the potential of causing "incredible harm to homes nearby" and danger to individuals traveling on nearby roads is unsupported

by the record.

We review a final sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). Review for reasonableness is deferential and is analyzed under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A sentence outside the Guidelines sentencing range is not presumed unreasonable, but rather, we "may consider the extent of the deviation," giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* We will not substitute the court's judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

The party challenging a sentence bears the burden of establishing that the sentence is unreasonable in light of both the record and the § 3553(a) factors. *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007). The review for substantive unreasonableness involves an examination of the totality of the circumstances, including an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), cert. denied, 129 S.Ct. 2848 (2009). If a district court decides that a sentence outside of the Guidelines sentencing range is warranted, it "must consider the extent of the

deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Gall*, 522 U.S. at 50, 128 S.Ct. at 597.

A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing stated in § 3553(a).  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  Moreover, when considering whether a defendant's sentence is reasonable, we have compared the sentence actually imposed to the statutory maximum.  *See, e.g., United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006) (upholding sentence as reasonable in part because it was "appreciably below the statutory maximum").  "[T]here is a range of reasonable sentences from which the district court may choose."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

An outside-the-Guidelines sentence need not be justified by "extraordinary circumstances," and the Supreme Court has rejected the use of "a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence."  *Gall*, 552 U.S. at 47, 128 S.Ct. at 595.  The fact that we reasonably might conclude that a different sentence is appropriate is not sufficient to warrant reversal.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

The § 3553(a) factors include, among other things: (1) the applicable guidelines

range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

Based on the record, both Rosa and Carlos have failed to carry their burden of showing that their sentences were substantively unreasonable, given that the district court considered the mitigating factors noted by their counsel, gave each of their cases an individualized review, explicitly stated that it considered the § 3553 factors (and did so in substance on the record), and ultimately opined that the nature, circumstances, and seriousness of the offense weighed in favor of imposing prison terms of 60 months. Moreover, Rosa's and Carlos's sentences are well below the statutory maximum of 20 years imprisonment, and the court did not need to show extraordinary circumstances to justify the outside-the-Guidelines sentences. Accordingly, the district court committed no error in calculating the Guidelines sentencing range, nor did it impose unreasonable sentences.

AFFIRMED.